UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| Endless River Technologies LLC, ) | Case No. 1:18-cv-00936 |
| ) | |
| Plaintiff, ) | Judge Donald C. Nugent |
| ) | |
| vs. ) | |
| ) | |
| Trans Union LLC, ) | |
| ) | |
| Defendant. ) | |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order and have asked that it be entered pursuant to 18 U.S.C. § 1835(a); accordingly, it is ORDERED:

**1. Scope.** All documents and other materials produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, all voluntary productions of information or documents, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**4. Documents Which May be Designated "ATTORNEY-EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.** With respect to any Confidential Information that the producing party reasonably believes contains other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties stipulate that prior to the disclosure of such documents or information such producing party shall stamp or mark such Confidential Information with the additional designation "ATTORNEYS' EYES ONLY," and disclosure of such marked documents or information shall be limited only to those persons identified in Section 6(c).

**5. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY only if designated as such. Deposition testimony may be designated by any party as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES

ONLY by indicating on the record at the deposition that the testimony is CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY or by providing written notice to the other parties within fourteen (14) days of producing of the transcript for the deposition, during which time the transcript shall be treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER (except to the extent designated on the record as ATTORNEYS' EYES ONLY). Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, pending objection, under the terms of this Order.

6. **Protection of Confidential Material.**

    (a) **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    (b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5) below. Subject to these requirements, the following categories of persons may be allowed to review

documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

    **(1)** **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    **(2)** **Parties.** Parties and employees of a party to this Order;

    **(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    **(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    **(5)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Disclosure of Documents Marked ATTORNEYS'-EYES ONLY.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents that have been designated ATTORNEYS' EYES ONLY to

any third person or entity except as set forth in subparagraphs (1)-(5) below:

**(1) Counsel.** Outside counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2) In-House Counsel.** In-House Counsel of a party specifically designated in writing by the party whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order by completing the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions; and

**(4) Experts**. Independent experts specially retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding. The right of an expert to receive any ATTORNEYS' EYES ONLY documents under this subparagraph will be subject to the advance approval of disclosure to such expert by the producing party or by permission of the Court. The party seeking approval of disclosure to an expert must provide the producing party with the name and curriculum vitae of the proposed individual and an executed copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, in advance of providing any ATTORNEYS'

EYES ONLY documents of the producing party to that expert. Any objection by the producing party to disclosure to an expert receiving any documents that have been designated ATTORNEYS' EYES ONLY must be made in writing within ten (10) business days following receipt of the identification of the proposed expert, must be made upon counsel's good faith belief that disclosure to such expert would threaten the producing party's business, and must set forth how disclosure to the proposed recipient would threaten the producing party's business. Within five (5) business days after the receipt of such writing, the party seeking approval of disclosure to the independent expert shall inform the producing party whether it intends to proceed with the disclosure to the independent expert or withdraw its request for approval. If the party seeking approval does not withdraw its request for approval, the producing party may file a motion for protective order with the Court. ATTORNEYS' EYES ONLY documents may be disclosed to an independent expert if no motion for protective order has been filed by the producing party within ten (10) business days following receipt of the identification of the independent expert. Approval of independent experts must not be unreasonably withheld; and,

    **(5)   Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification

contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(d) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(f)  Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY shall be governed by Fed. R. Evid. 502.

**(g)  Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7.     Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY Documents Under Seal.** Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R.5.2; Electronic Filing Policies and Procedures Manual Section 16. Neither this Stipulated Protective Order nor any other sealing

{7906433: }

order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY. The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or

motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

**8. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non- party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**9. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**10. Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any

document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

    **(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b) Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 6(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of

the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12. Outside Counsel's Advice.** Nothing in this Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents protected under this Order; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the

provisions of this Order.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: _____

U.S. District Judge Donald C. Nugent

WE SO MOVE/STIPULATE
and agree to abide by the
terms of this Order


<u>s/Mark J. Masterson</u>                      2/8/2019
Counsel for Plaintiff                                      DATE
Endless River Technologies LLC


David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
Mark J. Masterson (OH 0086395)
*mmasterson@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474


<u>/s Tonya G. Newman (with consent)</u>     2/8/2019
Counsel for Defendant                                    DATE
Trans Union LLC


Tonya G. Newman (*admitted pro hac vice*)       Courtenay Youngblood Jalics
Jason Frye (*admitted pro hac vice*)                  TUCKER ELLIS LLP
NEAL, GERBER & EISENBERG LLP                  950 Main Avenue, Suite 100
Two North LaSalle Street, Suite 1700              Cleveland, Ohio 44113
Chicago, Illinois 60602-3801                            Phone: (216) 696-4362
Phone: (312) 269-8000                                      Fax: (216) 592-5009
Fax: (312) 269-1747                                         courtenay.youngblood@tuckerellis.com
tnewman@nge.com
jfrye@nge.com

{7906433: }

# Certificate of Service

I certify that on February 8, 2019, I electronically filed, the foregoing "The Parties' Stipulated Protective Order". All parties and counsel of record will receive notice and service of this document through the Court's CM/ECF electronic filing system and via email to:

| | |
|---|---|
| Tonya G. Newman (*admitted pro hac vice*)<br>Jason Frye (*admitted pro hac vice*)<br>NEAL, GERBER & EISENBERG LLP<br>Two North LaSalle Street, Suite 1700<br>Chicago, Illinois 60602-3801<br>Phone: (312) 269-8000<br>Fax: (312) 269-1747<br>tnewman@nge.com<br>jfrye@nge.com | Courtenay Youngblood Jalics<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 100<br>Cleveland, Ohio 44113<br>Phone: (216) 696-4362<br>Fax: (216) 592-5009<br>courtenay.youngblood@tuckerellis.com |

                                                              Mark J. Masterson
                                           *Counsel for Endless River Technologies LLC*

# ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| Endless River Technologies LLC, | ) | Case No. 1:18-cv-00936 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | |
| | ) | |
| Trans Union LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated February 8, 2019 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS'-EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

{7906433: }

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____    _____
                   Signature

024079.6025:28918760.3

{7906433: }