UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Endless River Technologies LLC, | ) | |
| | ) | CASE NO.1:18 CV 936 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Trans Union LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Plaintiff Endless River Technologies LLC's Motion for Leave to File Second Amended Complaint. (ECF #96, 98). Defendant filed a Brief in Opposition to Plaintiff's Motion, and Plaintiff filed a Reply in support of their request. (ECF #109, 110).

In determining whether to permit an amendment, a Court should consider whether there has been " undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.." *See, e.g., Parchman v. SLM Corp., 896 F.3d 728, 737 (6th Cir. 2018)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962))*. ,Motions for leave to amend pleadings are construed liberally and should be freely given when the above considerations do not weigh against it. *Foman v. Davis*, 371 U.S. 178 (1962); Fed. R. Civ.

Pro. 15(a)(2)("The court should freely give leave when justice so requires.").

Plaintiff requests that it be allowed to amend its Complaint to substitute a claim under the Ohio Uniform Deceptive Trade Practices Act ("ODTPA") in place of the current claim under the Illinois Deceptive Trade Practices Act ("IDTPA").[1] The request is in response to Defendant's motion for partial summary judgment which argues that there is an insufficient nexus between the alleged acts supporting the claim and the state of Illinois. (ECF #84). The elements of the ODTPA claim and the IDTPA claim are the same, though the ODTPA specifically provides for monetary damages whereas the Defendant contends that the IDTPA does not. Defendant argues that the amendment should be denied because it is untimely and because it is prejudicial to them in that it creates the potential for monetary damages that were not available under the original Complaint.

The Court finds no compelling reason to deny Plaintiffs' Motion to Amend under the liberal standard for amendments. Although the request comes at a relatively late stage of the proceedings, it is narrowly tailored to conform to the information obtained in discovery, and to address arguments made for the first time in the summary judgment filings. Further, the requested amendment would not require additional discovery and will not cause any undo prejudice to the Defendant. Because the elements of the original and substituted claims are the same and are based on the same underlying facts, no new discovery is necessary and any changes to Defendant's legal defenses will be minimal. Further, although the ODTPA does add a monetary damages option that

---

[1] The proposed amendments would also eliminate Plaintiff's claim for Unjust Enrichment based on the evidence obtained during discovery and Defendant's arguments in their summary judgment brief. (ECF #84).

2

may not have been available under the IDTPA, the damages sought are identical to the damages sought in connection with Plaintiff's defamation and slander of title claims. Further, although Defendant argues that the IDTPA does not permit monetary damages, both the original and the First Amended Complaint sought monetary damages under this claim.

For the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED. (ECF #96, 98). Defendants shall have fourteen days from the date of this Order to amend their summary judgment motion to address the changes made in the Second Amended Complaint, if they so chose. The remaining briefing shall follow according to rule. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: August 18, 2021