UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ENDLESS RIVER TECHNOLOGIES LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANSUNION LLC, )<br>)<br>Defendant. ) | Case No. 1:18-CV-00936<br><br>Judge Donald C. Nugent |

**TRANSUNION'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE PHIL WINTERING AND RONALD SOMICH ON MITIGATION AND DAMAGES TOPICS**

Endless River seeks $60 million in damages, claiming that it is entitled to the "entire value of the Quote Exchange." (Dkt. No. 185 at 7). But Endless River is only entitled to damages if it satisfies its common law and statutory duty to mitigate its harm. *See First Fin. Bank, N.A. v. Cooper*, 67 N.E.3d 140, 146 (Ohio Ct. App., Hamilton Cty. 2016); *Chicago Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 996 (6th Cir. 2007); *see also* Ohio Rev. Code Ann. § 2739.02. In light of this ongoing obligation, TransUnion recently requested short, focused depositions of Messrs. Wintering and Somich on mitigation and damages topics. Endless River flatly refused. TransUnion then proposed that its request for supplemental discovery could be satisfied if plaintiff simply updated its discovery responses pursuant to Rule 26(e) and provided sworn declarations from Mr. Wintering and Mr. Somich affirming that neither individual intended to offer additional testimony or evidence on those topics at trial. Endless River rejected that request also.

Consequently, Endless River's only disclosures on the issue of mitigation date back to its discovery responses in 2019 and 2020, and its principals' depositions in 2020. These disclosures are now nearly two years stale. Even Endless River recognizes this deficiency: after TransUnion reminded Endless River of the parties' ongoing Rule 26(e) obligations, Endless River admitted

that it may need to "supplement its responses to Requests for Production 8, 9, and 23 and Interrogatories 12, 13, and 16." *See* Ex. 1, Aug. 1, 2022 Ltr. From S. Rosenfeld at 1. But instead of promptly providing such supplementation, Endless River has continued to stall. This is not enough.

Equally problematic, Endless River's discovery responses relating to mitigation all predate TransUnion's return of the Quote Exchange source code after this Court's summary judgment ruling—an act that presumably has a profound impact on mitigation opportunities and Endless River's claimed damages. TransUnion is entitled to determine whether and how return of the code impacts Endless River's efforts to market the Quote Exchange and avoid further claimed harm. Instead of providing this information, however, Endless River now seeks to preclude TransUnion from exploring this important and highly relevant topic.

This gamesmanship cannot be countenanced. TransUnion has the right to discover what steps (if any) these individuals have taken to mitigate Endless River's claimed damages since they were last deposed, given that mitigation is a continuing duty that extends to present day. Endless River plainly intends to have Messrs. Somich and Wintering discuss mitigation and damages topics at trial—else it would have provided TransUnion with the requested declarations and put this issue to bed. Plaintiff cannot both seek to have its witnesses offer testimony on these important issues **and** refuse to make those individuals available for deposition. *See Costello v. Lungaro*, 54 F.3d 776 (6th Cir. 1995) (noting disclosure rules exist to "prevent 'trial by ambush'"). Accordingly, TransUnion respectfully requests that this Court grant it leave to question Mr. Wintering and Mr. Somich in a short supplemental deposition on two limited topics: (1) any efforts since 2020 to mitigate Endless River's claimed damages; and (2) the impact of the return of the Quote Exchange

1

source code on Endless River's alleged damages. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (on court order, a witness who has been deposed may be re-deposed).

## FACT BACKGROUND

**I.     ENDLESS RIVER'S DISCOVERY RESPONSES REGARDING MITIGATION ARE YEARS OUTDATED**

At the outset of this case, TransUnion served several document requests seeking information related to Endless River's efforts to monetize the Quote Exchange program. Among other things, TransUnion sought production of:

- "All documents relating to any communications between any representative of Endless River and any representative of any potential client of or partner with Endless River – other than LeadCloud or ITC – regarding the Quote Exchange Program." (RFP No. 8)

- "All communications between any representative of Endless River and any representative of any potential client of or partner with Endless River – other than LeadCloud or ITC – regarding the Quote Exchange Program." (RFP No. 9); and

- "All documents relating to any plan by Endless River to market the Quote Exchange program to ITC, LeadCloud and any other potential clients." (RFP No. 23)

TransUnion likewise propounded interrogatories relating to mitigation topics, requesting that Endless River:

- "[I]dentify all companies to which Endless River continued to market the Quote Exchange program after Trans Union terminated the Agreement" (Interrogatory No. 12)

- "[D]escribe how Endless River planned to bring the Quote Exchange program to market with ITC, LeadCloud and any other potential client of Endless River, including whether Endless River planned to engage in any activities to raise capital to do so." (Interrogatory No. 13); and

- "[I]dentify any and all business that you contend you have lost as a result of any of Trans Union's allegedly wrongful conduct." (Interrogatory No. 16)

Endless River responded to these requests in January 2019, disclosing efforts to market the Quote Exchange only to two companies—ITC and LeadCloud—but "reserv[ing] the right to supplement this response as additional information becomes known through discovery or

otherwise." *See* Ex. 2, ERT's Answers & Objs. to TransUnion's First Set of Interrogatories at Nos. 12, 13, and 16. The last time Endless River produced documents relating to mitigation (or any other topic) was January 2020. Endless River ceased providing Interrogatory responses relating to mitigation even earlier—in January 2019. Subsequently, Endless River's principals sat for depositions in September and October 2020. Despite its continuing obligation to supplement discovery under Rule 26(e), Endless River disclosed no further information related to mitigation.

<b>LOCAL RULE 32.2 STATEMENT</b>

The following deposition notices are at issue in this motion:

<b>DEFENDANT TRANSUNION LLC'S<br>NOTICE OF DEPOSITION OF RONALD SOMICH</b>

TO: Stephen J. Rosenfeld
McDonald Hopkins LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
srosenfeld@mcdonaldhopkins.com

PLEASE TAKE NOTICE that, in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant TransUnion, LLC will take the deposition by oral examination of Ronald Somich, commencing on August 12, 2022 at 9 a.m. CT. The deposition will be taken at Kirkland & Ellis, LLP, 300 North LaSalle Street, Chicago, IL. The deponent is further directed to produce the documents referenced in the attached Exhibit A no later than August 1, 2022.

The deposition will be taken upon oral examination under oath before a certified court reporter or other officer authorized to take depositions and will be recorded by stenographic, audio, and video recording pursuant to Rule 30 of the Federal Rules of Civil Procedure. This deposition is being taken for the purpose of discovery, for use at trial, and for any other purpose permitted under the applicable Federal and Local Rules of Civil Procedure.

<u>**DEFENDANT TRANSUNION LLC'S**
**NOTICE OF DEPOSITION OF PHIL WINTERING**</u>

TO: Stephen J. Rosenfeld
McDonald Hopkins LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
srosenfeld@mcdonaldhopkins.com

PLEASE TAKE NOTICE that, in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant TransUnion, LLC will take the deposition by oral examination of Phil Wintering, commencing on August 11, 2022 at 9 a.m. CT. The deposition will be taken at Kirkland & Ellis, LLP, 300 North LaSalle Street, Chicago, IL. The deponent is further directed to produce the documents referenced in the attached Exhibit A no later than August 1, 2022.

The deposition will be taken upon oral examination under oath before a certified court reporter or other officer authorized to take depositions and will be recorded by stenographic, audio, and video recording pursuant to Rule 30 of the Federal Rules of Civil Procedure. This deposition is being taken for the purpose of discovery, for use at trial, and for any other purpose permitted under the applicable Federal and Local Rules of Civil Procedure.

## II. TRANSUNION RETURNS THE QUOTE EXCHANGE SOURCE CODE AND ENDLESS RIVER CLAIMS IT HAS NO IMPACT ON DAMAGES

Following this Court's summary judgment ruling in February 2022, TransUnion hand-delivered the Quote Exchange source code to Endless River's counsel's office on July 20, 2022. Upon learning that TransUnion would be returning the code, Endless River's counsel informed TransUnion that the return of the Quote Exchange source code "does not affect ERT's … damages at all." Ex. 3, July 15, 2022 Ltr. From S. Rosenfeld. This representation contradicted the prior testimony of Endless River's principals, who had uniformly sworn that the purpose of the instant lawsuit was to recoup Endless River's claimed lost property. *See* Ex. 4, Bonitz Tr. at 113:9-15 ("Q[.] Do you contend you're owed money for anything else? A[.] Just the value of my property. That's not a payment. ***It's just I'd like my stuff.*** Q[.] Anything else? A[.] ***No***.") (emphasis added);

*see also* Ex. 5, Somich Tr. 123:10-15 ("Q[.] . . . [C]an you explain to me in your own words exactly what you believe Trans Union is holding that belongs to Endless River? A[.] The source code for the Quote Exchange program."); Ex. 6, Wintering 30(b)(6) Tr. 179:4 ("They would not give us the [Quote Exchange] software.").

After Endless River signaled its intention to argue that the return of the Quote Exchange source code would have no impact on damages "at all"—*including in terms of mitigation*—TransUnion noticed depositions of Mr. Wintering and Mr. Somich to explore issues related to mitigation. Endless River waited a week to respond. Then, on August 1, Endless River rejected TransUnion's efforts to re-depose Mr. Wintering and Mr. Somich, even as it acknowledged it may be required to "supplement its responses to Requests for Production 8, 9, and 23 and Interrogatories 12, 13, and 16" due to insufficient disclosure.

Counsel for TransUnion and Endless River met and conferred on these discovery issues on August 4. During that teleconference, defense counsel suggested that depositions could be avoided if Endless River agreed to promptly supplement its written discovery and provide declarations from Messrs. Somich and Wintering attesting that they would not offer additional evidence on mitigation or damages at trial. The next day, counsel for Endless River rejected this compromise proposal. To date, Endless River has provided no supplemental information regarding its mitigation efforts, if any.

**ARGUMENT**

The mitigation record as it stands has a gaping years-long hole as to *what* efforts Endless River has undertaken to mitigate its damages and monetize the Quote Exchange program, *when* Endless River took these efforts, and *who* Endless River directed these efforts to. Now, after discovery has closed, Endless River concedes that its earlier written discovery responses may be incomplete and require further supplement. But simply revising interrogatory responses—years

5

late—is not sufficient to apprise TransUnion of basic facts concerning Endless River's attempts at mitigation since 2020, particularly now that Endless River has clearly signaled its intention to have Messrs. Somich and Wintering testify about these issues as well. The details concerning mitigation matter. TransUnion is entitled to know, in advance of trial, what steps Endless River took (if any) to mitigate its damages and is entitled to uncover critical information available only through witness testimony. A targeted mitigation deposition is both appropriate and required.

As Ohio courts continuously reaffirm, Endless River has a duty to mitigate damages with respect to both its contract and tort claims. *See First Fin. Bank*, 67 N.E.3d at 146 ("Under Ohio law, the injured party in a breach-of-contract action has a duty to mitigate damages, meaning that the injured party cannot recover damages that it could have prevented by reasonable affirmative action.") (internal quotations omitted); *Chicago Title Ins. Corp. v. Magnuson*, 2009 WL 3321372, at *6 (S.D. Ohio Oct. 9, 2009) ("Under Ohio law, 'there is a duty for one injured by a tort [including, even, intentional torts] to make reasonable efforts to mitigate his damages.'"); *see also* Ohio Rev. Code Ann. § 2739.02 ("In an action for a libel or a slander … any mitigating circumstances may be proved to reduce damages."). Questions relating to mitigation are particularly relevant in this case, as Endless River posits damages in the form of lost profits from 2014 forward. In assessing whether Endless River is entitled to recover those claimed lost profits—in whole or in part—the jury must evaluate whether Endless River satisfied its obligation to make a diligent effort to mitigate or avoid these damages. *First Fin. Bank*, 67 N.E. 3d at 146 ("Whether an injured party used reasonable care to avoid damages presents a question of fact [for the jury].").

The *Chicago Title* case is instructive. 2009 WL 3321372. There, the plaintiff asserted various claims including breach of contract and tortious interference with business relations. In response, the defendant argued the plaintiff failed to mitigate damages. On defendant's belated

6

motion for additional discovery, the *Chicago Title* court granted the request "related to post-breach evidence on mitigation generally" because it included "information that could not have been discovered" by the defendant earlier. *Id.* at *4 (rejecting plaintiff's argument that additional discovery would afford defendant a "second bite at the discovery apple" and would constitute a "fishing expedition"). The same result should follow here.[1] Indeed, courts routinely allow an "update" deposition to ensure the opposing party has details on mitigation efforts where significant time has passed since the initial deposition. *See, e.g.*, *EEOC v. W. Customer Mgmt. Grp., LLC*, 2013 WL 12086306, at *1 (N.D. Fla. Nov. 4, 2013) (court allowed another deposition for the limited purpose of questioning plaintiff on mitigation efforts where the case had been pending for two years); *Meineke Car Care Centers, Inc. v. RLB Holdings, LLC*, 2011 WL 13217997, at *2 (W.D.N.C. Sept. 30, 2011) (affirming magistrate order granting leave to redepose plaintiff on mitigation issues). Such a deposition is particularly appropriate here, as Endless River has not shared ***any*** details of its mitigation efforts over the last several years, and plainly intends to have its principals testify on the topic.

Finally, Endless River's counsel recently made a representation that TransUnion must be permitted to explore. Counsel's statement—that the return of the Quote Exchange source code to Endless River has no impact on his client's claimed damages "at all"—directly contradicts testimony from Endless River's own principals, who previously attested that return of the source code was the primary, if not sole, purpose of this lawsuit. A short deposition is required so that

---

[1] For this reason, Endless River's concern that TransUnion's request would lead to an "endless cycle of depositions in this and nearly every other complex litigation" is misplaced. TransUnion's request is a narrow one, tailored to the questions that TransUnion could not possibly have asked during Mr. Wintering's and Mr. Somich's earlier deposition, as they relate to mitigation activities that had not yet occurred. *Accord Kaczmarek v. Res-Care, Inc.*, 2014 WL 3408576, at *5 (N.D. Ohio July 10, 2014) (holding party "may redepose deponents on the materials turned over after their depositions" even after the close of discovery); *Disney v. State Farm Life & Cas. Co.*, 2004 WL 784509, at *2 (W.D. Tenn. Feb. 26, 2004) (similar).

TransUnion can seek to understand when (and whether) Messrs. Wintering and Somich obtained this new perspective, and why.

## CONCLUSION

For the foregoing reasons, TransUnion respectfully requests that the Court grant an order permitting TransUnion to depose Mr. Wintering and Mr. Somich on: (1) any efforts since 2020 to mitigate Endless River's claimed harm; (2) the impact of the return of the Quote Exchange source code on Endless River's alleged damages.

| | |
|---|---|
| DATED: August 9, 2022 | /s/ *Mark Premo-Hopkins* |
| | Mark Premo-Hopkins (IL ARDC No. 6293574) |
| | *Admitted Pro Hac Vice* |
| | James F. Hurst (IL ARDC No. 6202190) |
| | *Admitted Pro Hac Vice* |
| | Britt Cramer (IL ARDC No. 6315284) |
| | *Admitted Pro Hac Vice* |
| | KIRKLAND & ELLIS LLP |
| | 300 North LaSalle Street |
| | Chicago, IL 60654 |
| | Telephone: 312.862.5230 |
| | Facsmile: 312.862.2200 |
| | E-mail: mark.premohopkins@kirkland.com |
| |       james.hurst@kirkland.com |
| |       britt.cramer@kirkland.com |
| | |
| | Courtenay Y. Jalics (0077507) |
| | TUCKER ELLIS LLP |
| | 950 Main Avenue, Suite 1100 |
| | Cleveland, OH 44113 |
| | Telephone: 216.592.5000 |
| | Facsimile: 216.592.5009 |
| | E-mail: courtenay.jalics@tuckerellis.com |
| | |
| | Tonya G. Newman (IL ARDC No. 6286958) |
| | *Admitted Pro Hac Vice* |
| | Kyle D. Rettberg (IL ARDC No. 6256572) |
| | *Admitted Pro Hac Vice* |
| | Lee Barrington Stark (IL ARDC No. 6336810) |
| | *Admitted Pro Hac Vice* |
| | NEAL GERBER & EISENBERG LLP |
| | 2 North LaSalle Street, Suite 1700 |
| | Chicago, IL 60602 |
| | Telephone: 312.269.2913 |
| | Facsimile: 312.429.3532 |
| | E-mail: tnewman@nge.com |
| |       krettberg@nge.com |
| |       lstark@nge.com |
| | |
| | *Attorneys for Defendant TransUnion LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2022, a copy of the foregoing was filed with the Court via the Court's electronic filing system. Notice of the court filing will be served on all counsel of record via email.

*/s/ Mark Premo-Hopkins*
Mark Premo-Hopkins