UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ENDLESS RIVER TECHNOLOGIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18-CV-00936 |
| v. ) | |
| ) | Judge Donald C. Nugent |
| ) | |
| TRANSUNION LLC, ) | |
| ) | |
| Defendant. ) | |

**TRANSUNION'S TRIAL BRIEF**

Defendant TransUnion LLC ("TransUnion") submits the following Trial Brief, which includes: trial timing; a statement of undisputed facts; a discussion of the controlling law; a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness; an index of all proposed exhibits containing a brief description of each exhibit; a discussion of any evidentiary issues likely to arise at trial; proposed voir dire questions; and proposed jury instructions.

**I.     TRIAL TIMING**

The Parties have both indicated that they believe the trial can be completed in as little as one week. TransUnion requests that the Court utilize a chess clock giving both Parties equal time to present their case before the jury.

**II.    STATEMENT OF UNDISPUTED FACTS**

TransUnion submits the following statement of undisputed facts:

1. Endless River is an Ohio limited liability company with three principals: Richard Bonitz, Phil Wintering, and Ron Somich.

2. TransUnion is a publicly traded corporation organized under Delaware law.

3. On March 31, 2014, the parties entered into a contract, referred to as the Development Agreement, to jointly develop an online platform for insurance carriers to buy and sell auto insurance quotes. The parties referred to this platform as the Quote Exchange.

4. The Development Agreement's term was from January 1, 2014 to December 31, 2018. The Development Agreement granted TransUnion the right to terminate the contract in its "sole discretion" "at any time upon 180 days prior written notice" to Endless River.

5. On October 4, 2017, TransUnion provided written notice to Endless River that it intended to terminate the Development Agreement.

6. On April 2, 2018, TransUnion's termination of the Development Agreement became effective.

7. TransUnion was entitled to terminate the Development Agreement.

8. On April 24, 2018, Endless River filed this lawsuit against TransUnion.

9. On February 2, 2022, the Court issued a Memorandum Opinion and Order in which it resolved the disputed question as to whether the source code developed by TransUnion must be given to Endless River. After reviewing the parties' arguments, the Court determined that "the Quote Exchange platform source code was to revert to ERT ownership."

10. Endless River has not attempted to market, sell, or otherwise use the Quote Exchange source code since it received the Quote Exchange source code from TransUnion on July 20, 2022.

### III. STATEMENT OF DISPUTED FACTS

All relevant facts not included in the Parties' Joint Statement of Undisputed Facts are disputed by the parties.

## IV. CONTROLLING LAW

Endless River's contract claims and TransUnion's related defenses are controlled by Illinois law. *See* Dkt. 170 at 13. The Trade Secret claim and TransUnion's related defenses are controlled by federal law under the Defend Trade Secrets Act. 18 U.S.C. § 1836(b)(1). *See id.* at 16-17. Endless River's remaining claims, including Defamation, Slander of Title, Tortious Interference with Business Expectancy, and Ohio Deceptive Trade Practices Act are controlled by Ohio Law. *See id.* at 18-21.

## V. WITNESS LIST:

Defendant TransUnion LLC, hereby provides the following list of trial witness who may be called to testify at trial in the above-referenced matter, along with a brief description of the expected subject areas on which each is expected to testify:

1. Richard Bonitz - the business relationship between Endless River and TransUnion; the development of the Quote Exchange; the Quote Exchange's projected and actual financial performance, including factors that affected the Quote Exchange's actual performance in the marketplace; allegations and issues underlying Endless River's claims in this case, including Endless River's claimed damages.

2. Dr. David Denis - Endless River's claimed damages in this case, as disclosed in his expert report and deposition.

3. David Drotos - the business relationship between Endless River and TransUnion; the development of the Quote Exchange; the Quote Exchange's projected and actual financial performance, including factors that affected the Quote Exchange's performance in the marketplace; allegations and issues underlying Endless River's claims in this case, including Endless River's claimed damages.

4. Geoffrey Hakel - the business relationship between Endless River and TransUnion; the development of the Quote Exchange; the Quote Exchange's projected and actual financial performance, including factors that affected the Quote Exchange's performance in the marketplace; allegations and issues underlying Endless River's claims in this case, including Endless River's claimed damages.

5. Emily Lebowitz - the business relationship between Endless River and TransUnion; the development of the Quote Exchange; the Quote Exchange's projected and actual financial performance, including factors that affected the Quote Exchange's performance in the marketplace; allegations and issues underlying Endless River's claims in this case, including Endless River's claimed damages.

6. Dr. Andrew Malec - Endless River's claimed damages in this case, as disclosed in his expert report and deposition.

7. Brian Ocheltree - LeadCloud's interactions with TransUnion and Endless River regarding the Quote Exchange;

8. Laird Rixford - ITC's interactions with TransUnion and Endless River regarding the Quote Exchange;

9. Thomas Shriver - industry and market factors affecting the performance of the Quote Exchange and Endless River's claimed damages in this case, as disclosed in his expert report and deposition;

10. Ronald Somich - the business relationship between Endless River and TransUnion; the development of the Quote Exchange; the Quote Exchange's projected and actual financial performance, including factors that affected the Quote Exchange's performance in the

4

marketplace; allegations and issues underlying Endless River's claims in this case, including Endless River's claimed damages;

11. Kristin Valters - the business relationship between Endless River and TransUnion; the development of the Quote Exchange; the Quote Exchange's projected and actual financial performance, including factors that affected the Quote Exchange's performance in the marketplace; allegations and issues underlying Endless River's claims in this case, including Endless River's claimed damages;

12. Phil Wintering - the business relationship between Endless River and TransUnion; the development of the Quote Exchange; the Quote Exchange's projected and actual financial performance, including factors that affected the Quote Exchange's performance in the marketplace; allegations and issues underlying Endless River's claims in this case, including Endless River's claimed damages.

TransUnion reserves the right to call to testify at trial any witnesses called to testify at trial by Endless River or otherwise listed or designated by Endless River. TransUnion reserves the right to amend this list as permitted by the Federal Rules of Civil Procedure or any other constitutional, statutory and/or common law rights. TransUnion further reserves the right, at its discretion, not to call any of the individuals identified as witnesses, and to identify and call additional witnesses in rebuttal of and/or for impeachment to witnesses called by Endless River. TransUnion also reserves the right to use live testimony in lieu of reading or video testimony.

## VI. TRIAL EXHIBIT LIST

See Exhibit 1, filed herewith, which includes TransUnion's Trial Exhibit List.

## VII. EVIDENTIARY ISSUES

With respect to anticipated evidentiary issues, TransUnion incorporates by reference the parties' motions in *limine*, filed on September 5, 2022 and September 6, 2022. See Dkts. 218, 221-232. The significant evidentiary issues the parties reasonably anticipate to date are discussed at length in their opening motions. Responses are due Friday, September 9, 2022. TransUnion reserves its right to raise additional evidentiary objections based upon Endless River's pretrial submissions and/or evidence introduced at trial.

TransUnion has objected to certain documents on Endless River's exhibit list as reflected in Exhibit 2, and reserves the right to object to specific impermissible uses of any other document at trial.

## VIII. PROPOSED VOIR DIRE

1. Does anyone know anything about this case from any source?

    - Follow-up: Based on what you have read or heard, have you formed any impressions of the parties or opinions about what the outcome of this case should be?

2. Since receiving your jury summons, have you engaged in any research about any of the parties or lawsuits in this court?

3. Have you read or heard anything about a company called TransUnion?

    - Follow-up: Have you, a family member or someone close to you had any experience or business dealings with TransUnion?

    - Follow-up: Based on what you have read or heard, or your experiences, have you formed any opinion about TransUnion?

4. Does anyone own any TransUnion stock?

5. Have you read or heard anything about a company called Endless River Technologies?

- <u>Follow-up</u>: Have you, a family member or someone close to you had any experience or business dealings with Endless River?

- <u>Follow-up</u>: Based on what you have read or heard, or your experiences, have you formed any opinion about Endless River?

6. Does anyone have knowledge of or heard anything about any potential witness?

7. Have you, a close personal friend or family member ever worked in the insurance industry?

8. Has anyone heard of an Internet software tool known as the Quote Exchange?

9. Has anyone ever used a website to compare auto insurance prices from different companies?

10. Has anyone ever worked in an IT ("information technology") job?

11. Does anyone have a close personal friend or family member that works or has worked in an IT job?

12. Does anyone have education, training, or experience with writing computer code or building software?

13. Does anyone have a close personal friend or family member with education, training, or experience related to writing computer code or building software?

14. Does anyone have specialized knowledge or training related to intellectual property or patents?

15. Has anyone ever tried to get a patent for an idea you had?

16. Does anyone have specialized knowledge or training in finance or economics?

17. Have you or a member of your household ever owned or operated a small business?

- <u>Follow-up</u>: Who and what type of business?  Is the business still operating?

7

18.    Have you, someone close to you, or your employer ever been involved in business dispute?

- <u>Follow-up</u>: What was the nature of the dispute? How was it resolved?

19.    Have you or someone close to you ever felt that you were taken advantage of or treated unfairly in a business relationship?

20.    Does anyone have any negative feelings or attitudes towards large companies or corporations that could affect your ability to fairly and impartially serve as a juror in this case?

21.    Do any of you believe there is anything about yourself, such as your background, your beliefs, your prior experiences, et cetera, that has not already been mentioned that would be important for the Court and the attorneys to know in deciding whether to select you as a juror in this case, based on what you've heard today?

22.    Do any of you on the panel know or are related to any other member of the panel?

## IX.    <u>PROPOSED JURY INSTRUCTIONS</u>

Given the volume of agreed and disputed jury instructions applicable to the claims and defenses at issue, the parties have agreed to jointly submit jury instructions for the Court's consideration under separate cover.

DATED: September 7, 2022

/s/ *Mark Premo-Hopkins*
Mark Premo-Hopkins (IL ARDC No. 6293574)
*Admitted Pro Hac Vice*
James F. Hurst (IL ARDC No. 6202190)
*Admitted Pro Hac Vice*
Britt Cramer (IL ARDC No. 6315284)
*Admitted Pro Hac Vice*
Cameron Ginder (IL ARDC No. 6323949)
*Admitted Pro Hac Vice*
Evelyn T. Cai (IL ARDC No. 6335644)
*Admitted Pro Hac Vice*
KIRKLAND & ELLIS LLP300 North LaSalle Street
Chicago, IL 60654
Telephone: 312.862.5230
Facsimile: 312.862.2200
E-mail:  mark.premohopkins@kirkland.com
        james.hurst@kirkland.com
        britt.cramer@kirkland.com
        cameron.ginder@kirkland.com
        evelyn.cai@kirkland.com

Courtenay Y. Jalics (0077507)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail:  courtenay.jalics@tuckerellis.com

Tonya G. Newman (IL ARDC No. 6286958)
*Admitted Pro Hac Vice*
Kyle D. Rettberg (IL ARDC No. 6256572)
*Admitted Pro Hac Vice*
Lee Barrington Stark (IL ARDC No. 6336810)
*Admitted Pro Hac Vice*
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: 312.269.2913
Facsimile: 312.429.3532
E-mail:  tnewman@nge.com
        krettberg@nge.com
        lstark@nge.com

*Attorneys for Defendant TransUnion LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, a copy of the foregoing was filed with the Court via the Court's electronic filing system. Notice of the court filing will be served on all counsel of record via email.

                                                */s/ Mark Premo-Hopkins*
                                                Mark Premo-Hopkins