IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ENDLESS RIVER,** | ) | CASE NO. 1:18 CV 936 |
| **TECHNOLOGIES LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **JUDGMENT** |
| **TRANS UNION LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The above-captioned case came before this Court for a trial by jury. At the conclusion of the trial, the Jury returned a unanimous Interrogatory finding that Plaintiff proved by a preponderance of the evidence that Plaintiff suffered damages proximately caused by Defendant's breach of contract, in an amount of $18.3 million.

Plaintiff, Endless River Technologies LLC, brought this action against Defendant, Trans Union LLC, alleging claims of Breach of Contract, Trade Secret Misappropriation, Conversion, Defamation, Slander of Title, Tortious Interference with Business Expectancy, and Violations of the Ohio Deceptive Trade Practices Act. Defendant filed a Counter-Claim for Beach of Contract and Declaratory Judgment.

In its decision on the cross-motions for Summary Judgment, the Court found in favor of the Plaintiff on its claim for Breach of Contract for Defendants' failure to timely return the Quote Exchange upon termination of the contract. Count Three (Conversion) was dismissed, as was Defendant's request for Declaratory Judgment. (ECF #170). Prior to jury selection the parties

withdrew any other potential claims for breach of contract.

The trial commenced on September 12, 2022. A Jury of twelve was duly impaneled and sworn, and opening statements of counsel were made. Plaintiff called Richard Bonitz as a witness. Court was adjourned until September 13, 2022, 8:00 a.m..

The trial continued on September 13, 2022. Plaintiff called the following witness(es): (1) Richard Bonitz (continued); (2) Brian Ogletree (by written deposition); (3)Laird Rixford (by written deposition). Court was adjourned until September 14, 2022 at 8:00 a.m.

The trial continued on September 14, 2022. Plaintiff called the following witness(es): (4) Phillip Wintering; (5) Emily Lebowitz; (6) David Drotos (by video deposition); and (7) Geoffrey Hakel (by video deposition). Plaintiff voluntarily dismissed Count Six (Tortious Interference with Business Expectancy). Court was adjourned until September 15, 2022 at 8:00 a.m.

The trial continued on September 15, 2022. Plaintiff called the following witness(es): (8) Dr. Andrew Malec. Juror Number Three was excused. Plaintiff rested. Defendant moved for judgment on all claims pursuant to Fed. R. Civ. P. 50. The Court granted the motion as to Count Four (Defamation) and reserved ruling as to all other counts. The Defendant called the following witness(es): (1) Thomas Shriber; and (2) Dr. David Denis. Court was adjourned until September 16, 2022 at 8:00 a.m.

The trial continued on September 16, 2022. The Defendant called the following witness(es): (2) Dr. David Denis (continued). Defendant rested and renewed its motion under Fed. R. Civ. P. 50. The Court granted the motion with regard Count Two (Trade Secret Misappropriation); Count Five (Slander of Title); and, Count Seven (Violations of the Ohio Deceptive Trade Practices Act). The Court instructed the Jury on the law pursuant to Rule 51 of

the Federal Rules of Civil Procedure. Closing arguments of counsel were made. The Court gave final instructions to the Jury and the Jury thereafter retired to deliberate. The Jury, in open court, returned the following unanimous Answer to Interrogatory No. 1:

### INTERROGATORY NO. 1

Please answer the following question "yes" or "no" according to your findings:

1. Did Endless River prove, by a preponderance of the evidence, that it suffered damages proximately caused by Trans Union's failure to timely return the Quote Exchange in accordance with the contract terms?

__X__ yes  _____ no

If you answered "no" to this question, you are finished. If you answered "yes" to this question what amount of damages, if any, do you find, by a preponderance of the evidence, were proximately caused by the breach?

$ __18.3 mil__ (Insert an amount from $0 to whatever you believe the evidence proves).

The Court read the Interrogatory Answer in open court, and thereafter, the Court polled the Jury. Each Juror affirmatively responded to the correctness of the Interrogatory Answer and the Court accepted the Interrogatory Answer. The Jury was then discharged.

THEREFORE, the Court enters Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of Plaintiff on Count One of the Second Amended Complaint and

against Defendant in the amount of $18,300,000.00. Judgment is entered in favor of the Defendant on all other counts. All costs, including all costs related to the jury, are to be paid by the Defendant.

  **IT IS SO ORDERED.**

                   /s/ Donald C. Nugent
                   **DONALD C. NUGENT**
                   **UNITED STATES DISTRICT JUDGE**

DATE: September 19, 2022