**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DISTRICT**

| | |
|---|---|
| Endless River Technologies LLC, ) | |
| ) | Case No. 1:18-cv-00936 |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| v. ) | |
| ) | |
| Trans Union LLC, ) | |
| ) | |
| Defendant. ) | |

**STATUS REPORT AND REQUEST FOR STATUS CONFERENCE FOR SCHEDULING NEW TRIAL**

Plaintiff Endless River Technologies, LLC ("Endless River" or "Plaintiff") respectfully submits this status report regarding the Sixth Circuit's January 17, 2025 order and hereby requests that this Court hold a status hearing to schedule this matter for a new trial in light of the Sixth Circuit's effective remittitur of the jury's award of damages. In support, Endless River states as follows:

On September 12, 2022, this Court held a trial regarding the damages Endless River suffered because of Trans Union LLC's ("Trans Union") breach of contract. At trial, the jury determined that Endless River had suffered damages of $18.3 million due to Trans Union's breach of contract. (ECF No. 275, PageID#14332-33.) Trans Union then filed its JNOV, arguing that this Court should vacate the jury award as a matter of law because (1) the damages awarded by the jury were for consequential damages barred by the underlying contract and (2) this Court should not have admitted Dr. Malec's testimony. (ECF No. 276.) On January 3, 2023, this Court issued its opinion, granting Trans Union's JNOV based on the first of Trans Union's arguments—*i.e.*, that the damages were consequential damages barred by the contract. (ECF No. 288, PageID#14635.)

35775604.3

Endless River appealed and Trans Union cross-appealed. On January 17, 2025, the Sixth Circuit upheld this Court's ruling on the alternative grounds advanced by Trans Union in its cross-appeal—*i.e.*, that Dr. Malec's testimony was inadmissible. *Endless River Technologies, LLC v. TransUnion, LLC*, Case Nos. 23-3087/3144, 2025 WL 233659, at *4 (6th Cir. 2025). The Sixth Circuit held that "Dr. Malec's inconsistent and speculative testimony necessitates the reversal of the district court's denial of Trans Union's motion to exclude." *Id*. at *4. The Sixth Circuit concluded that since "Dr. Malec's testimony was the only evidence Endless River provided for its damages," Endless River was left with "insufficient evidence to prove any amount of damages above the zero dollars awarded by the district court." *Id*. at *9. The Sixth Circuit therefore upheld this Court's reduction of Endless River's damages to zero dollars on this alternative basis. *Id*. After the Sixth Circuit issued its ruling, Endless River timely filed its petition for rehearing, arguing (in relevant part) that the Sixth Circuit should have entered an order setting this matter for a new trial. (Ct. of App. ECF No. 48-1 at 2-3, 8-12.) The Sixth Circuit denied the petition without commentary. (Ct. of App. No. ECF 51.) But the Sixth Circuit later issued an amended opinion and order clarifying its decision to affirm this Court on the grounds that there was "insufficient evidence to prove any amount of damages . . . above the zero dollars awarded by [this Court]." (Ct. of App. No ECF No. 49.)

While the Sixth Circuit characterized its decision as affirming the decision of this Court on alternative grounds, *id.* at *1, *4, the Sixth Circuit's decision had the effect of reducing—*i.e.*, remitting—Endless River's $18.3 million damages award to $0 while retaining this Court's entry of judgment for Endless River on Trans Union's liability. *Endless River Techs.,* 2025 WL 233659, at *9; *see also Wallace v. FedEx Corp.*, 764 F.3d 571, 593 (6th Cir. 2014) (noting that a reduced damages award indicates that the district court was granting remittitur, not a motion for a judgment

of law). So he Sixth Circuit effectively granted Trans Union's alternative argument of remittitur. *Wallace*, 764 F.3d at 593 (holding that a magistrate judge granted remittitur notwithstanding contradictory language). Indeed, the reduction of the jury award to zero dollars was included as an alternative remedy requested by Defendant's Motion for Judgment as a Matter of Law. (ECF No. 276, PageID#14335 (stating that "[a]lternatively, and at a minimum, TransUnion requests that the Court [] reduce the verdict to $0"); ECF No. 276-1, PageID#14381.) And both parties appear to have contemplated on appeal that, if the Sixth Circuit adopted Trans Union's reasoning and held that Dr. Malec's testimony ought to have been barred, Endless River's damages award would simply be remitted and it would be given the opportunity of a new trial. (Ct. of App. ECF No. 48-1 at 2-3.)

      In sum, when the Sixth Circuit issued its order, it effectively remitted Endless River's damages award to $0 and thus remanded this case for a new trial. *See Morgan v. New York Life Ins. Co.*, 559 F.3d 425, 429 (C.A.6 (Ohio), 2009). With the effective remittitur came "a right for a new trial" for Endless River. Plaintiff has "the option of either submitting to a new trial or accepting the amount of damages that the Sixth Circuit considered justified." *Meyers v. Wal-Mart Stores, E., Inc.*, 257 F.3d 625, 636 (6th Cir. 2001); *see also Babcock Power, Inc. v. Kapsalis*, 854 F. App'x 1, 5 (6th Cir. 2021) (holding that this Court must provide plaintiff with the choice of accepting a reduced damages award or opting for a new trial); *Wallace*, 764 F.3d at 592 (holding that "[i]f she granted the Rule 59 motion for remittitur, the magistrate judge committed procedural error by not offering" plaintiff the option for a new trial on the damages).

      Moving forward with a new trial also best reflects longstanding Sixth Circuit policy on this matter. The decision to remit a jury award for damages means that the judge is overriding the jury in their prime function as the trier of the facts—infringing on a litigant's right to a jury trial. Thus,

3

when a court determines that a jury verdict cannot be supported by the evidence, "that court has a duty to grant a new trial in order to prevent a miscarriage of justice." *In re E. I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 529 F. Supp. 3d 720, 735 (S.D. Ohio 2021) (citing *Duncan v. Duncan*, 377 F.2d 49 (6th Cir. 1967)). And this is how the Sixth Circuit, as well as other circuits,[1] has proceeded when evidence has been deemed inadmissible: by ordering a new trial on remand. *See, e.g.*, *JGR, Inc. v. Thomasville Furniture Indust., Inc.*, 370 F.3d 519, 526 (6th Cir. 2004) ("[W]e hold that the improper admission of…lay opinion testimony requires vacature of the jury's damage award and remand for a new trial solely on the issue of damages."); *Allsopp v. Foust*, No. 23-5203, 2024 WL 2799282, at *5 (6th Cir. May 31, 2024) ("An erroneous evidentiary ruling amounts to reversible error, justifying a new trial, only if it was not harmless; that is, only if it affected the outcome of the trial.").

For all these reasons, given the Sixth Circuit's effective remittitur order, Endless River respectfully intends to exercise its right to a new trial on the damages. To that end, Endless River further requests that the Court schedule a status conference for the parties to discuss trial scheduling and deadlines.

Dated: February 26, 2025

Respectfully submitted,

By: /s/ Stephen J. Rosenfeld
Stephen J. Rosenfeld
McDonald Hopkins LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654

---

[1] *See, e.g.*, *Smith v. Jenkins*, 732 F.3d 51, 69 (1st Cir. 2013) ("[W]e cannot say with any degree of assurance that the award was not substantially swayed by the erroneous admission of Dr. Smith's testimony. Accordingly, we remand for a new trial on damages."); *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 687 (5th Cir. 2003) ("[T]he improvident admission of Skinner's opinion testimony [on damages] requires vacature of the quantum of the jury's damage award and remand for a new trial solely on the issue of damages."); *Fuesting v. Zimmer, Inc.*, 448 F.3d 936, 941-42 (7th Cir. 2006) ("Our prior decision, finding prejudicial error in the admission of Dr. Pugh's testimony, went too far in awarding judgment for Zimmer…The appropriate remedy was to remand for a new trial …."); *Taxinet Corp. v. Leon*, 114 F.4th 1212, 1230 (11th Cir. 2024) (ordering new trial on remand, even though the prevailing party did not request a new trial in the district court).

35775604.3

Telephone: (312) 280-0111
Email: srosenfeld@mcdonaldhopkins.com

*Counsel for Plaintiff Endless River Technologies LLC*

5

35775604.3