UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| Endless River Technologies LLC, | ) | Case No. 1:18-cv-00936 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| TransUnion LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENDLESS RIVER TECHNOLOGIES LLC'S RESPONSE TO TRANSUNION'S OPPOSITION AND MOTION TO STRIKE ENDLESS RIVER'S REQUEST FOR STATUS CONFERENCE**

Plaintiff Endless River Technologies, LLC ("Endless River" or "Plaintiff") has shown that a new trial on the damages is both warranted and required in this instance. In response to Defendant Trans Union LLC's ("Trans Union OR "Defendant") Motion for Judgment as a Matter of Law ("JNOV") following the September 12, 2022 trial, both this Court and the Sixth Circuit ordered remittitur of the damages awarded by the jury to Endless River. As Endless River explained in its Status Report and Request for Status Conference for a New Trial ("Status Report"), a remittitur grants Endless River the right to proceed with a new trial. Moving forward with a new trial best reflects longstanding Sixth Circuit policy for such situations. (ECF 296.)

Trans Union's Opposition and Motion does not provide any case law to bolster its misinterpreted version of events and of the court orders for remittitur. Separately, Trans Union is procedurally barred from requesting a motion to strike Endless River's Status Report. Therefore, the Court should proceed by denying Trans Union's unsubstantiated Opposition and Motion, while simultaneously recognizing Endless River's right to a new trial by scheduling a status conferences for the parties to discuss case scheduling and deadlines for the new trial, as respectfully requested by Endless River.

1

**Endless River has the Right to a New Trial**

On September 12, 2022, the jury determined that Endless River had suffered damages of $18.3 million due to Trans Union's breach of contract. (ECF 275, PageID#14332-33.) In response, Trans Union filed its JNOV. (ECF 276, 276-1.) On January 3, 2023, this Court issued its opinion, agreeing with Trans Union on one of its two arguments: the damages awarded by the jury were for consequential damages barred by the underlying contract. (ECF 288, PageID#14635.) More specifically, this Court stated that the "Judgment is hereby amended as follows: The Court enters Judgment in favor of the Plaintiff and against the Defendant on Count One (Breach of Contract) of its Second Amended Complaint in the amount of zero dollars." (ECF 288, PageID#14635.) Meaning, the jury's judgment awarding Endless River $18.3 million in damages was "amended" to an "amount of zero dollars." The judgment was not vacated, nor was it reversed. It was remitted, as the language is clear that the awarded amount was reduced from $18.3 million to zero dollars.

Endless River then appealed and Trans Union cross-appealed. On December 18, 2024, the Sixth Circuit upheld this Court's ruling on alternative grounds by foregoing judgment on Trans Union's first argument and instead agreeing with its second. Both the Sixth Circuit's original and amended order held that "Dr. Malec's inconsistent and speculative testimony necessitates the reversal of the district court's denial of Trans Union's motion to exclude." (Ct. of App. ECF 47-2 at 8; Ct. of App. ECF 49-2 at 8.) In the orginal order, the Sixth Circuit concluded that "the exclusion of Dr. Malec's testimony leaves Endless River with no evidence to prove damages…We therefore AFFIRM the district court's vacatur of the jury's award." (Ct. of App. ECF 47-2 at 16-17.) The amended order replaces that sentence with the final determination that "the exclusion of Dr. Malec's testimony leaves Endless River with insufficient evidence to prove any amount of

2

damages above the zero dollars award by the district court." (Ct. of App. ECF 49-2 at 18.) The Sixth Circuit maintained that it "AFFIRM[s] the district court's vacatur of the jury's award." (*Id*.)

The Sixth Circuit did not state that the district court entered an order as a matter of law; affirm a district court decision to grant judgment as a matter of law; or grant Trans Union's motion as a matter of law on its own accord. Instead, the Sixth Court "affirms the district court's" decision to "vacate" the $18.3 million jury award and instead "award" a reduced amount of zero dollars. The language used by the Sixth Circuit, based in part on this Court's decision, affirms a remittitur of the jury award from $18.3 million to zero dollars.

Therefore, once the Sixth Circuit issued its order, Endless River obtained the right to either accept the reduced damages award or proceed with a new trial. Between "the option of either submitting to a new trial or accepting the amount of damages that the Sixth Circuit considered justified," Endless River chooses to proceed with a new trial on the damages. *Meyers v. Wal-Mart Stores, E., Inc.*, 257 F.3d 625, 636 (6th Cir. 2001). This is not a choice that can be taken away from Endless River or circumvented by the courts. *Babcock Power, Inc. v. Kapsalis*, 854 F. App'x 1, 5 (6th Cir. 2021); *Wallace*, 764 F.3d at 592 (holding that "[i]f she granted the Rule 59 motion for remittitur, the magistrate judge committed procedural error by not offering" plaintiff the option for a new trial on the damages). Endless River executed its right in the Status Report. (ECF 296.)

By moving forward with a new trial, this Court is aligning itself with longstanding Sixth Circuit policy on this matter. If this Court decides to proceed in any other manner, it is not only overriding the jury in its prime function as the trier of facts, but it is also infringing on Endless River's right to a jury trial. Therefore, when a court determines that a jury verdict cannot be supported by the evidence, "that court has a duty to grant a new trial in order to prevent a miscarriage of justice." *In re E. I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 529 F. Supp.

3d 720, 735 (S.D. Ohio 2021) (citing *Duncan v. Duncan*, 377 F.2d 49 (6th Cir. 1967)). And this is how the Sixth Circuit, as well as other circuits,[1] has proceeded when evidence has been deemed inadmissible: by ordering a new trial on remand. *See, e.g.*, *JGR, Inc. v. Thomasville Furniture Indust., Inc.*, 370 F.3d 519, 526 (6th Cir. 2004) ("[W]e hold that the improper admission of…lay opinion testimony requires vacatur of the jury's damage award and remand for a new trial solely on the issue of damages."); *Allsopp v. Foust*, No. 23-5203, 2024 WL 2799282, at *5 (6th Cir. May 31, 2024) ("An erroneous evidentiary ruling amounts to reversible error, justifying a new trial, only if it was not harmless; that is, only if it affected the outcome of the trial."). Based on the Sixth Circuit's precedent and on its order in this matter, this Court should schedule a status conference for the parties to discuss case scheduling and deadlines.

**Trans Union Provides No Legal Support for its Position**

In contrast to the case law and Sixth Circuit precedent cited by Endless River in support of its position, Trans Union only provides conclusory statements without any law either supporting its own arguments or countering those laid out by Endless River. Trans Union's claim that Endless River's Status Report is "procedurally improper" is the closest it comes to providing a substantive basis for its Opposition and Motion. (ECF 297 ¶ 10, PageID# 14689.) But this conclusory argument purposefully ignores the legal basis stated in Endless River's Status Report: Endless River's right for a new trial that resulted from the reduction from the jury-awarded $18.3 million in damages to the court-awarded zero dollars (ECF 296 at 3.) And contrary to Trans Union's

---

[1] *See, e.g.*, *Smith v. Jenkins*, 732 F.3d 51, 69 (1st Cir. 2013) ("[W]e cannot say with any degree of assurance that the award was not substantially swayed by the erroneous admission of Dr. Smith's testimony. Accordingly, we remand for a new trial on damages."); *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 687 (5th Cir. 2003) ("[T]he improvident admission of Skinner's opinion testimony [on damages] requires vacature of the quantum of the jury's damage award and remand for a new trial solely on the issue of damages."); *Fuesting v. Zimmer, Inc.*, 448 F.3d 936, 941-42 (7th Cir. 2006) ("Our prior decision, finding prejudicial error in the admission of Dr. Pugh's testimony, went too far in awarding judgment for Zimmer…The appropriate remedy was to remand for a new trial …."); *Taxinet Corp. v.Leon*, 114 F.4th 1212, 1230 (11th Cir. 2024) (ordering new trial on remand, even though the prevailing party did not request a new trial in the district court).

statement that a new trial "is not recognized or contemplated by the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or any other applicable rule or regulation," ECF 297 ¶ 10, PageID# 14689, Federal Rule of Procedure 50—which, according to Trans Union, was the basis for its JNOV, ECF 297 ¶ 4, PageID# 1468—clearly allows for a new trial following a ruling on a Rule 50 motion. Fed. R. Civ. P. 50(b), 50(c), 50(d), 50(e). Ironically, rejecting Endless River's exercise of this legal right would be the "procedurally improper" course of action. *Babcock Power*, 854 F. App'x at 5.

**Trans Union Misinterprets this Court's and the Sixth Circuit's Order**

Trans Union's Opposition and Motion also misinterprets this Court's and the Sixth Circuit's orders. First, Trans Union posits that both courts determined no evidence could ever exist for damages resulting from Trans Union's breach of contract. (ECF 297 ¶¶ 4, 6, 8, PageID# 14688-89.) But this Court's decision is limited to the determination that "evidence of damages that the Plaintiff presented was a calculation of consequential damages, and those damages are barred by the Development Agreement." (ECF 288, PageID# 14635.) This Court never stated that: (1) the expert evidence in question was inadmissible or unreliable; (2) evidence of direct damages is entirely nonexistent even outside of the evidence presented at trial; or (3) a breach of contract did not occur. Similarly, the Sixth Circuit "limit[ed] its analysis to Trans Union's Challenge to the district court's denial of its motion to exclude expert testimony." (Ct. of App. ECF 49-2 at 8.) Though it concluded that the expert testimony in question was "inconsistent and speculative…necessitating] the reversal of the district court's denial," *id.*, the Sixth Circuit never stated that all expert evidence on Endless River's damages would inherently be inconsistent and speculative. The fact that Endless River *can* provide alternative expert evidence for damages is, in part, why the parties should proceed with a new trial on the damages.

5

Second, Trans Union reads additional language into the Sixth Circuit's order when it states that the amended opinion "underscore[s] that a new trial was inappropriate" by "expressly reject[ing] Endless River's renewed request for a new trial." (ECF 297 ¶ 8, PageID# 14689. *See also*, i*d*. ¶ 13, PageID# 14690.) Within these statements lies the assumption that the Sixth Circuit entered judgment as matter of law in Trans Union's favor. (ECF 297 ¶ 15, PageID# 14690 ("The Sixth Circuit affirmed this Court's decision granting judgment to TransUnion.") But nowhere in the Sixth Circuit's original order, amended order, or denial of the petition for panel rehearing does it explicitly put into writing that it rejected a new trial or entered its decision as a matter of law, contrary to Sixth Circuit language regularly used in its orders.

**Trans Union's Motion to Strike is Procedurally Improper**

The Court should also deny Trans Union's request for the Court to "strike…Endless River's request for a status conference," because a motion to strike cannot be applied to Endless River's Status Report. (ECF 297 ¶ 15, PageID# 14690.) The Status Report is not a pleading "within the meaning of Fed.R.Civ.P. 7(a) and [is] therefore not subject to a motion to strike under Rule 12(f)." *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) ("Under Fed.R.Civ.P. 12(f), a court may strike only material that is contained in the pleadings.").

**Conclusion**

For the foregoing reasons, Plaintiff Endless River respectfully requests that this Court deny Trans Union's Opposition and Motion to Strike Endless River's Request for Status Conference in its entirety. Plaintiff Endless River also respectfully requests that this Court proceed by allowing Plaintiff Endless River to exercise its right to a new trial on the damages and, to that end, schedule a status conference for the parties to discuss case scheduling and deadlines.

6

Dated: March 12, 2025                  Respectfully submitted,

                                                       By: /s/ Stephen J. Rosenfeld
                                                           Stephen J. Rosenfeld
                                                           McDonald Hopkins LLC
                                                           300 North LaSalle, Suite 1400
                                                           Chicago, IL 60654
                                                           Telephone: (312) 280-0111
                                                           Email: srosenfeld@mcdonaldhopkins.com

                                                           *Counsel for Plaintiff Endless River Technologies LLC*