IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENDLESS RIVER TECHNOLOGIES LLC, | ) | CASE NO.: 1:18 CV 936 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TRANS UNION LLC, | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Request for a Status Conference to Schedule

a New Trial. (ECF #296).Plaintiff argues that the Sixth Circuit's decision affirming this Court's

decision granting Defendant's motion for judgment notwithstanding the verdict and vacating the

damage award on alternate grounds had the effect of remitting the damage award while retaining

this Court's entry of judgment for Endless River on Defendant's liability. Thus, Plaintiff asserts

that when the Sixth Circuit issued its order, it effectively remitted Endless River's damages

award to $0 and remanded the case for a new trial. Defendant filed a Brief in Opposition urging

the Court to strike Plaintiff's filing and close the case consistent with the Sixth Circuit's

mandate. (ECF #297) Plaintiff filed a response to Defendant's opposition. (ECF #298)

A trial was held on this matter on September 12, 2022. At the close of evidence the Court

granted Defendant's Rule 50 motion dismissing all of Plaintiff's claims except for the breach of

contract claim. The jury returned a verdict in favor of Plaintiff on the breach of contract claim

and awarded $18.3 million in damages. Defendant moved for judgment as a matter of law

pursuant to Rule 50(b), and after full briefing on the motion, the Court granted Defendant's Motion finding that the damages awarded by the jury were for consequential damages which were barred by the underlying contract. The Court entered judgment in favor of the Plaintiff and against the Defendant on Count One (Breach of Contract) in the amount of zero dollars. Judgment was entered in favor of the Defendant on all other counts and the case was closed.[1] (ECF #288)

Plaintiff appealed and Defendant cross appealed. On December 18, 2024, the Sixth Circuit affirmed this Court's vacatur of the jury's award on Defendant's alternative basis that Dr. Malec's testimony should have been excluded and " because the exclusion of Dr. Malec's testimony leaves Endless River with no evidence to prove damages, its breach of contract claim necessarily fails." (ECF #293). Thereafter, Endless River moved for a panel rehearing asserting that "[t]he proper disposition when a court holds that witness's damages testimony was improperly admitted is not, as the panel held, a holding that the entire claim for breach of contract necessarily fails, but rather 'vacature of the jury's damage award and remand for a new trial solely on the issue of damages.'" (Ct. App. Case 23-3087, Dkt. 48-1)

On January 17, 2025, the Sixth Circuit denied Endless River's petition for a panel rehearing (Ct. App. Case 23-3087 Doc. 51-2) and issued an Amended opinion which added analysis establishing that "[w]ithout Dr. Malec's testimony, Endless River failed to provide legally sufficient evidence of direct damages to support the jury's verdict or, indeed, any jury

---

[1] Defendant had moved for JNOV on alternate grounds, that the damages awarded were consequential damages in violation of the contract and/or because the Court erred in admitting the testimony of Dr. Malec, which was the only evidence submitted by Plaintiff in support of damages.

verdict above the zero dollars awarded by the district court." *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 249-50 (6th Cir. 2001)(quoting *Weisgram v. Marley Co.*, 528 U.S. 440, 457 (2000)("[A]n appellate court's authority 'to direct the entry of judgment as a matter of law extends to cases in which, on excision of testimony erroneously admitted, there remains insufficient evidence to support the jury's verdict.'") (Ct. App. Case 23-3087, Dkt 49 at 9) In its revised conclusion, the Sixth Circuit reiterated its holding that "the exclusion of Dr. Malec's testimony leaves Endless River with insufficient evidence to prove any amount of damages above the zero dollars awarded by the district court." *Id.* at 17. The Sixth Circuit did not order a new trial on damages as requested by Endless River and its amended opinion strengthened the reasoning justifying the conclusion that no new trial was appropriate in this case.

Accordingly, Plaintiff's request for a status conference for scheduling a new trial is denied. IT IS SO ORDERED.

Donald C. Nugent
United States District Judge

Date: March 13, 2025

-3-